# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

JARVIS SIM WOLFE,                                        PETITIONER

v.                                                    No. 3:13CV297-MPM-SAA

RON KING                                              RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Jarvis Sim Wolfe for a writ of *habeas* corpus under 28 U.S.C. § 2254. The State has responded to the petition; Wolfe has replied, and the matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be dismissed as procedurally defaulted.

### Facts and Procedural Posture

Jarvis Sim Wolfe is in the custody of the Mississippi Department of Corrections and is currently housed at the South Mississippi Correctional Institution in Leakesville, Mississippi. On February 28, 2012, Wolfe pled guilty in the Circuit Court of Marshall County, Mississippi, to one count of felon in possession of a firearm. He was sentenced as a habitual offender to serve ten years in the custody of the Mississippi Department of Corrections. On the same day, Wolfe also entered a guilty plea to one of manslaughter, non-habitual (reduced from murder, habitual offender) – also in Marshall County Circuit Court. The court imposed a sentence of twenty years in the custody of the Mississippi Department of Corrections – to run consecutive to the sentence for felon in possession of a firearm. In his petition for a writ of *habeas corpus*, Wolfe challenges only his conviction for felon in possession on a firearm, not his manslaughter conviction.

On February 4, 2013, Wolfe filed a "Motion to Dismiss Prosecution and Sentence" in Marshall County Circuit Court. State Court Record ("SCR"), Vol. 1, p. 1-4. The motion was signed on January 23, 2013. *Id*. On March 11,2013, the circuit court construed the motion as

one filed under the Mississippi Uniform Post-conviction Collateral Relief Act – and denied the motion. SCR, Vol. 1, p. 24. Wolfe appealed this decision to the Mississippi Supreme Court; the notice of appeal was filed on March 25, 2013. Case No. 2013-CR-00523-COA. On October 10, 2013, the appeal was dismissed for failure to file the brief of the appellant. Wolfe filed no further documents in that case after the issuance of the mandate on October 31, 2013. He filed the instant petition for a writ of *habeas corpus* on November 13, 2013. He signed the petition on November 4, 2013. In his petition, he raises one ground for relief *pro se*:

> Ground One. I was sentenced to prison without any trial whatsoever. I did not plead guilty. Illegal imprisonment.

### The Doctrines of Procedural Default and Procedural Bar

If an inmate seeking *habeas corpus* relief fails to exhaust an issue in state court – and no more avenues exist to do so – under the doctrine of *procedural default* that issue cannot be raised in a federal *habeas corpus* proceeding. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Similarly, "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal *habeas* is generally barred if the state procedural rule is independent and adequate to support the judgement." *Sayre v. Anderson*, 238 F. 3d 631, 634 (5th Cir. 2001) (*citing Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991); *Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995)). This doctrine is known as *procedural bar*.

### Cause and Prejudice – and Fundamental Miscarriage of Justice – As Ways to Overcome Procedural Bar

Whether a petitioner's claims are procedurally defaulted or procedurally barred, the way he may overcome these barriers is the same. First the petitioner can overcome the procedural default or bar by showing cause for it – and actual prejudice from its application. To show cause, a petitioner must prove that an external impediment (one that could not be attributed to him) existed to prevent

him from raising and discussing the claims as grounds for relief in state court. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003). Even if a petitioner fails to establish cause for his default and prejudice from its application, he may still overcome a procedural default or bar by showing that application of the bar would result in a fundamental miscarriage of justice. To show that such a miscarriage of justice would occur, a petitioner must prove that, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). Further, he must support his allegations with new, reliable evidence – that was not presented at trial – and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted).

In the present case, Wolfe has not presented his sole *habeas corpus* claim to the Mississippi Supreme Court in a procedurally proper manner. As such, Wolfe has not exhausted state court remedies as to the claim in the instant petition, and this court cannot consider his claim. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel,* 526 U.S. 838 (1999) (In order to satisfy the exhaustion requirement, the petitioner must present his claims to the state's highest court in a procedurally proper manner to allow the state court a fair opportunity to consider and pass on those claims.) Further, at this juncture, Wolfe can no longer meet the exhaustion requirement for his claim. Wolfe has therefore procedurally defaulted his claim in Ground One in state court by failing to properly file the brief of the appellant in his appeal of the Marshall County Circuit Court's denial of his motion for post-conviction relief. As he abandoned his appeal before allowing the Mississippi Supreme Court an opportunity to review his claim, Wolfe prevented the Mississippi Supreme Court from considering the claim.

Wolfe allowed his available state court remedy to lapse, and he no longer has an avenue to seek relief in state court; at this point, Wolfe cannot present his claim to the state court through a proper procedure. Hence, Wolfe has "technically exhausted" his claim in Ground One of the instant petition, and that claim is procedurally defaulted. *See Jones v. Jones,* 163 F. 3d 285, 296 (5th Cir. 1998) (citations and internal quotation marks omitted) ("[W]hen federal *habeas* claims are technically exhausted because, and only because, [petitioner] allowed his state law remedies to lapse without presenting his claims to the state courts . . . [,] there is no substantial difference between nonexhaustion and procedural default."); *see also Sones v. Hargett,* 61 F. 3d 410, 416 (5th Cir. 1995); *Finley v. Johnson,* 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal *habeas corpus* relief.")

As set forth above, Wolfe has shown neither cause for his default, nor prejudice from its application . Likewise, he has not shown that a fundamental miscarriage of justice would result if this court declined to consider his claim on the merits. Wolfe can hardly claim that he is actually innocent, as he pled guilty to the crime of his conviction. *See* SCR, Vol. 1, p. 64-67 (petition of defendant for court to accept plea, signed by Wolfe); p. 70-91 (transcript of plea hearing). As such, Wolfe's sole claim for *habeas corpus* relief will be dismissed under the doctrine of procedural default. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 21st day of November, 2014.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**